UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL O'CALLAGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 7318 |
| | ) |
| UNITED STATES OF AMERICA, et al, | ) Judge Ruben Castillo |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Michael O'Callaghan ("Plaintiff") originally filed this quiet title action against the United States of America, Department of Revenue of the State of Illinois, the Estate of Alex V. Wasleff, Jr., Albany Bank and Trust Co., N.A., Chrysler First Business Credit Corporation, Security Pacific National Bank, Chicago Title Land Trust Company, Alex Wasleff Services Corporation, and unknown owners (collectively, "Defendants") in the Circuit Court of Cook County, Chancery Division. (R. 1-2, Attach. at 2.) The suit was subsequently removed to federal court by the United States pursuant to 28 U.S.C. § 1442 ("Section 1442"). (R. 1, Not. of Removal.) Presently before the Court is Plaintiff's motion to remand. (R. 7, Mot. to Remand.) For the reasons stated below, the motion is denied.

### BACKGROUND[1]

On July 21, 2009, Plaintiff filed a suit in Illinois state court seeking to quiet title to a property located in Cook County (the "property"). (R. 1-2, Attach. at 1-2.) In his complaint,

---

[1] Courts may look outside the complaint when considering a motion to remand; the removability of a case is determined from the record as a whole. *See Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997).

Plaintiff alleges that the United States issued a notice of tax levy on a trust involving the property. (*Id.* at 8-9.) Plaintiff's action attempts to take title of the property "in fee simple, free and clear of the purported claims of interest of all Defendants." (*Id.* at 18.)

The United States Attorney for the Northern District of Illinois was personally served on July 29, 2009. (R. 7-2, Mot. to Remand Ex. A.) The United States Attorney General received the summons and complaint by certified mail on October 26, 2009. (R. 11, Def.'s Resp, Ex. A.) On November 20, 2009, the United States removed the action to the Northern District of Illinois. (R. 1, Not. of Removal.) The record does not indicate whether any other defendant consented to removal. On December 2, 2009, Plaintiff filed a motion to remand. (R. 7, Mot. to Remand.) In his motion, Plaintiff makes two arguments in favor of remand. First, he contends that removal was improper because "there has been no showing that all the defendants joined in the removal." (*Id.* ¶ 4.) Second, he maintains that removal was untimely. (*Id.*)

## ANALYSIS

### I. Consent

Plaintiff first argues that his action is improperly before this Court because not all defendants consented to removing the case from state court. (*Id.* ¶ 4.) Plaintiff is correct in noting that under the general removal statute, 28 U.S.C. § 1441 ("Section 1441"), all defendants must join in a removal petition to effect removal. *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) (citations omitted); *Davis v. Averitt Express, Inc.*, No. 06 C 5793, 2006 WL 3883322, at *2 (N.D. Ill. Dec. 28, 2006). Here, however, the United States did not remove under Section 1441. Rather, it invoked Section 1442, which provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442.

In the context of federal officials (or persons acting under a federal official), courts have been clear in holding that a federal officer need not obtain the consent of other defendants to remove under Section 1442. *See, e.g., Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034-35 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999) (holding that Section 1442 is a statutory exception to the general removal statute which "allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants"); *Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981) (finding that a federal officer can remove under Section 1442 without the consent of other defendants); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) (stating that "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court"). There is a paucity of case law, however, addressing whether the United States, as opposed to its agents, must obtain the consent of other defendants to remove under Section 1442.

Despite the lack of case law interpreting the relevant provision, the statutory text, the line of cases involving federal officials, and logic require this Court to find that the United States need not obtain the consent of other defendants to remove under Section 1442. While removal

3

statutes must be read narrowly and any doubts regarding jurisdiction are resolved in favor of remand, *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993), the Court finds that a literal reading of Section 1442 permits removal by the United States without the consent of all defendants. *Cf. Ely*, 644 F.2d at 1315 ("When an action of the sort specified in [§] 1442 is brought against a federal officer and others, even the most literal reading would permit the federal officer alone to remove"). Further, it would be quite peculiar for this Court to find that a sovereign, but not its agents, must seek the consent of all defendants in order to effect removal. Thus, the Court is not persuaded by Plaintiff's first argument in support of remand.

## II.  Timeliness

Section 1446 sets out the procedure for removal. 28 U.S.C. § 1446. It provides that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* Under this provision, a defendant's thirty days to remove is triggered by either "simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

In relevant part, to serve the United States a party must: (1) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk; and (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

According to Plaintiff, his action is improperly before the Court because the United States did not seek removal within thirty days of service. (R. 7, Mot. to Remand ¶ 4.) As evident by its abandonment in his reply brief, Plaintiff's argument is without merit. The record indicates that the United States Attorney was personally served on July 29, 2009. (R. 7-2, Mot. to Remand Ex. A.) Service upon the United States was completed on October 26, 2009 when the United States Attorney General received the summons and complaint by certified mail. (R. 11, Def.'s Resp, Ex. A.) For purposes of Section 1446, the United States' thirty-day period in which to file a notice of removal therefore began on October 26, 2009. The United States' notice of removal, which was filed on November 20, 2009, is timely as it was filed less than thirty days after the completion of service upon the United States. Accordingly, Plaintiff's argument regarding the timeliness of the notice of removal is also unpersuasive.[2]

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (R. 7) is DENIED. Plaintiff is granted ninety days to file an amended complaint in this federal action. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case.

---

[2] On November 25, 2009, Plaintiff's state court complaint was dismissed without prejudice pursuant to this Court's normal removal procedure. (R. 4, Minute Order.) After dismissing the state court complaint, the Court then required Plaintiff to either file a timely motion to remand or a properly amended federal complaint. (*Id.*) Contrary to Plaintiff's observation, the Order did not "impliedly [find] no basis for federal jurisdiction." (R. 12, Pl.'s Reply ¶ 8.) Dismissal of the state court complaint was not based on either substantive or jurisdictional defects.

5

Entered: _____
Judge Ruben Castillo
United States District Court

**Dated:** February 24, 2010